| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>In re<br>    MEL COOPER,<br>              Debtor.<br>------------------------------------------------------------------------X | Hearing Date: November 1, 2012 at<br>10:00 A.M.<br><br>Chapter 13<br><br>Case No. 12-13981-shl |

## NOTICE OF MOTION FOR ORDER DISMISSING CASE

  PLEASE TAKE NOTICE, that upon the annexed application of CADLEROCK JOINT VENTURE, L.P., dated October 8, 2012, by its attorneys Vlock & Associates, P.C., the undersigned will move this Court, before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the courthouse located at One Bowling Green, New York, New York, Room 701, on November 1, 2012 at 10:00 A.M., for an Order:

  a. Pursuant to 11 U.S.C. § 1307, dismissing this case based on the debtor's bad faith, serial filing of the Petition, for the sole purpose of delay, with no intent to reorganize, whereas this is the 3rd Chapter 13 case filed by the debtor;

  b. Pursuant to 11 U.S.C. § 1307(c) and 349(a), dismissing this case with prejudice and enjoining the debtor from filing any further bankruptcy cases within one (1) year from the dismissal of this case; and

  c. For such other and further relief as the Court deems just and proper under the circumstances.

Dated:  New York, New York
        October 10, 2012

                                                                                  VLOCK & ASSOCIATES, P.C.
Attorneys for CadleRock Joint Venture, L.P.
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 557-0020

By: s/Stephen Vlock
Stephen Vlock, Esq.

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Chapter 13 |
| ------------------------------------------------------------------------X | Case No. 12-13981-shl |
| In re | |
|                 MEL COOPER, | **APPLICATION** |
|                                           Debtor. | |
| ------------------------------------------------------------------------X | |

TO THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE:

      The application of CADLEROCK JOINT VENTURE, L.P. ("CadleRock"), by its attorneys, VLOCK & ASSOCIATES, P. C., respectfully represents:

      1.      On September 21, 2012, the Debtor herein filed a petition under Chapter 13 of the United States Bankruptcy Code, Title 11 of the United States Code.

      2.      As demonstrated herein, the Petition should be dismissed, on the basis that the filing was made in bad faith, as this is just another in a series of bankruptcy filings which were used to delay state court litigation for no legitimate purpose.

      3.      Furthermore, based on the bad faith filing, and the history of prior bad faith filings by this debtor, Mel Cooper, and also his entity, which were all made for the improper purpose of delay of pending state court proceedings, this Court should dismiss this case with prejudice and enjoin any further filings for a period of one (1) year.

## **THE COURT SHOULD DISMISS THE CASE BASED ON BAD FAITH FILING**

      4.      The Court should dismiss this case based on the debtor's filing herein in bad faith. The debtor filed this case for no legitimate purpose. Rather, the filing was made only to delay a pending state court proceeding, and not for a proper purpose.

5. Pursuant to Section 1307 of the Bankruptcy Code, a Court may dismiss a Chapter 13 case that was filed in bad faith. "Courts have also held that while the Code does not define "bad faith," courts have the power to dismiss chapter 13 cases that were filed in bad faith." In re Truong, 2009 Bankr. Lexis 2440 (S.D.NY.).

6. In fact, a Chapter 13 case filed in bad faith can properly be dismissed as void *ab initio*. In re Casse, 198 F.3d 327, 341-42 (2d Cir. 1999).

7. In this case, the debtor is a serial filer of Chapter 13 cases. The instant case is the third (3rd) individual bankruptcy case filed by the debtor, Mel Cooper. Furthermore, the debtor has recently filed a Chapter 11 case on behalf of his entity, Imperial Capital, LLC.

8. The debtor repeatedly files Bankruptcy cases for only one reason: to delay a pending state court action. Specifically, CadleRock has been in litigation in New York Supreme Court with the debtor for over six (6) years. CadleRock holds a Judgment against the debtor, Mel Cooper, which was entered in said Court on May 7, 2007 in the sum of $335,243.55.

9. Since that time, CadleRock has attempted to recover on the Judgment, and has been involved in extensive postjudgment litigation with the debtor and his company, Imperial Capitall LLC.

10. The essence of the litigation is that Mel Cooper owned a condominium apartment at Trump Tower, 721 Fifth Avenue, New York, New York. Several months after the Judgment held by CadleRock was entered, and a lien was placed on the condominium unit, Mel Cooper transferred the unit to his company, Imperial Capital LLC. Since the transfer was made after CadleRock held a lien, the transfer did not affect CadleRock's lien on the unit. As such, CadleRock, as well as other creditors of Mel Cooper, sought to sell the premises to recover on their Judgments, and the litigation with regard to the sale has been pending for the last few years.

11. In order to forestall the sale of the premises, Mel Cooper individually filed a Chapter 13 case on July 1, 2011 (Case No. 11-13190) before this Court. Cooper failed to file any of the required Schedules – just like in the instant case – and the Chapter 13 Trustee eventually moved to dismiss. The case was dismissed on October 9, 2011. Thereafter, on June 1, 2012, Mel Cooper again filed a Chapter 13 bankruptcy case (Case No. 12-12418). Again, he did nothing in the case except file the petition, and the Trustee moved to dismiss the case. The second case was dismissed on September 7, 2012.

12. Realizing that his second Chapter 13 case was going to be dismissed, Cooper then caused his company, Imperial Capital, LLC, to file a Chapter 11 case, which was filed in this Court on September 5, 2012 (Case No. 12-13809). Like his individual cases before, the Chapter 11 case was filed bare bones, and without the required Schedules. This was done merely so that the automatic stay would prevent CadleRock from continuing the state court litigation.[1]

13. Immediately thereafter, Mel Cooper filed the instant Chapter 13 case, which is now the fourth (4th) filing made in order to forestall litigation.

14. There is no legitimate purpose to the filing of the instant case. The debtor, as in the prior filings, has failed to file any Schedules or any other required information. Nothing other than a bare bones Petition was filed. The debtor is simply attempting to use the automatic stay to prevent CadleRock and other creditors from proceeding to execute upon the property.[2]

15. The repeated Chapter 13 filings – all of which were done within approximately the last year-and-a-half, evidence an intent to delay or frustrate the legitimate efforts of

---

[1] CadleRock has moved to dismiss the Chapter 11 case filed by Imperial Capital, LLC, and the motion is currently pending before the Court.

[2] As mentioned, Mel Cooper does not own the property. It is owned by his entity Imperial Capital, LLC. However, since Mel Cooper is a defendant in the state court action, he has been serial filing these Chapter 13 cases in order to obtain the stay of the underlying litigation, and for no legitimate purpose.

CadleRock and others to enforce their rights in the pending state court litigation. For example, the prior filing by Imperial Capital, LLC was made on the eve of the hearing to determine the rights of the secured creditors in the premises, which was scheduled for September 13, 2012. In light of the above, this case should be dismissed for bad faith filing.

## THIS CASE SHOULD BE DISMISSED WITH PREJUDICE AND THE DEBTOR SHOULD BE PROHIBITED FROM FILING AGAIN FOR A PERIOD OF ONE (1) YEAR

16. The debtor has engaged in serial, frivolous bankruptcy filings, as discussed above. These filings have been for the sole purpose of obtaining the automatic stay in order to forestall the pending state court proceedings. In each case, the debtor has failed to do anything in the cases other than the initial filing of the petition. This clearly demonstrates his bad faith and frivolous use of the bankruptcy system for improper purposes.

17. Undoubtedly, even after this case is dismissed, the debtor will file yet another frivolous bankruptcy case, unless this Court puts an end to the abuse.

18. A federal court has well-recognized authority to restrict the activity of abusive litigants. See Abdul-Akbar v. Watson, 901 F.2d 329, 332-33 (3d Cir. 1990); Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989); In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984). In deciding whether to issue a filing injunction, a court must determine "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

19. In this case, we respectfully request that the Court dismiss this case with prejudice and enjoin the debtor and his entity Imperial Capital, LLC, from any further bankruptcy filings

for a period of one (1) year. As stated by the Court in <u>In re Flory</u>, 2012 Bankr. LEXIS 701 (Bankr. D. VT):

> A bankruptcy court may dismiss a case with prejudice, temporarily barring a debtor from filing a new bankruptcy case for a period of time beyond the 180 days provided for in § 109(g). See Casse v. Key Bank Nat'l Ass'n (In re Casse), 198 F.3d 327, 334, n.4, 337-39 (2d Cir. 1999) (concluding that § 109(g) does not impose a temporal limitation upon a bankruptcy court's power under §§ 105(a) and 349(a) to prohibit a bad-faith serial filer from filing petitions for periods of time exceeding 180 days).

See also, <u>In re Truong</u>, 2009 Bankr. Lexis 2440 (S.D.NY.)(Bankruptcy Court dismissed case with prejudice and enjoined the debtor, his wife and any entity acting on their behalf or under their control from filing any future bankruptcy petition without leave of Court.)

20. This will prevent the debtor and his entity from continuing to abuse the Bankruptcy Courts and from continuing to delay and prejudice the rights of the parties to the aforesaid state court litigation.

WHEREFORE, it is respectfully requested that this Court grant the instant motion in its entirety, together with such other and further relief as the Court deems just and proper under the circumstances.

Dated:    New York, New York
          October 10, 2012

VLOCK & ASSOCIATES, P.C.
Attorneys for CadleRock Joint Venture, L.P.
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 557-0020

By: s/Stephen Vlock
Stephen Vlock, Esq.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2012, I caused a copy of NOTICE OF MOTION FOR ORDER DISMISSING CASE to be served by ECF and/or mail upon the following:


Mel Cooper
721 Fifth Avenue, Unit 45K
New York, New York 10022

Jeffrey L. Sapir
399 Knollwood Road, Suite 102
White Plains, New York 10603

United States Trustee
33 Whitehall Street
21st Floor
New York, New York 10004


I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated:   New York, New York
         October 10, 2012

                                    s/Stephen Vlock
                                    STEPHEN VLOCK